UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE BOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13CV0781 AGF |
| | ) | |
| LIBERTY RESTAURANT GROUP, L.P., | ) | |
| d/b/a BURGER KING #8482, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This employment discrimination case is before the Court on the motion of Plaintiff Diane Bock to remand the case to the Circuit Court of the Twenty-First Judicial Circuit of Missouri pursuant to 28 U.S.C. § 1447 and to recover its attorney's fees, costs and expenses associated with the removal of this action. For the reasons set forth below, the motion to remand shall be granted.

## **Background**

Plaintiff initiated this action on February 25, 2013, in the Circuit Court of the Twenty-First Judicial Circuit, St. Louis County, Missouri, under the Missouri Human Rights Act ("MHRA"), Mo.Rev.Stat. § 213.010, *et seq*. Plaintiff named her supervisor, Barbara Yocks and Liberty Restaurant Group, L.P. d/b/a Burger King #8482 ("Burger King") and C2 Restaurants, LLC ("C2") her former employer, as defendants. Plaintiff, an African American, asserted claims of harassment, retaliation and constructive discharge. Plaintiff and Yocks are citizens of Missouri. Burger King and C2 are

Delaware citizens.  In her petition, Plaintiff alleged that Yocks was an "employer" within the meaning of the MHRA, "because she was acting directly in the interest of Burger King and directly participated in the unlawful discriminatory practices . . . ."  Doc. No. 6, ¶8.  Plaintiff further alleged, in detail, that Yocks harassed her, and that Plaintiff complained to, and about, Yocks.  *Id.*, ¶¶ 13 & 15.

On April 24, 2013, Burger King and C2 removed the action to this Court asserting federal subject matter jurisdiction based upon diversity of citizenship.  Arguing that Yocks had been fraudulently joined, Burger King and C2 claimed that Yocks did not defeat the complete diversity requirement for diversity jurisdiction.  The Defendants' claim of fraudulent joinder was based on the assertion that the administrative charge Plaintiff filed with the Missouri Commission on Human Rights ("MCHR") and Equal Employment Opportunity Commission on June 7, 2012 (Doc. No. 1–1) listed Burger King and C2, but not Yocks, as respondents and discriminating parties.[1]  Defendants further asserted that Yocks did not receive notice or an opportunity to individually respond and raise defenses to Plaintiff's charge that Yocks was personally liable for the alleged discriminatory acts.  *See* Doc. No. 17-2, ¶¶ 2-4.  In addition, Defendants contend that Yocks had no opportunity to participate in any conciliation process at the administrative level.  *See id.*  Finally, Defendants note that the MCHR issued Plaintiff a

---

[1]  The Court observes that the MCHR Charge Form is itself a bit misleading in this regard as it requests the naming of the "Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others," and nowhere suggests that a charging party also name individuals, such as supervisors.

Notice of Right to Sue that named only Burger King and C2 as respondents. *See* Doc. No. 6, ¶ 27.

On May 6, 2013, Plaintiff filed a motion to remand, arguing that the removing Defendants could not demonstrate complete diversity because Yocks' citizenship had been ignored; that Yocks' joinder was not fraudulent; and that in any event, the question of whether Yocks' joinder was fraudulent should be determined by the state court. Plaintiff points out that she identified Barbara Yocks by name and identified her as a supervisor in the body of her charge of discrimination. *See* Doc. No. 1-5. In addition, Plaintiff notes that she identified Yocks as her "most recent supervisor" and identified her as "General Manager" for Burger King. *Id.* Plaintiff then alleged that Yocks discriminated against her on the basis of race and sex. *Id.*

**Applicable Law**

Under 28 U.S.C. § 1332(a)(1), diversity jurisdiction exists when the parties are citizens of different states and the amount in controversy exceeds $75,000. In addition, under 28 U.S.C. § 1441(b)(2), in order to remove a matter to federal court on the basis of diversity jurisdiction, no defendant may reside in the forum state. "A plaintiff cannot defeat a defendant's right of removal by fraudulently joining a defendant who has no real connection with the controversy." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) (citation omitted).

"Fraudulent joinder does not exist where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (*quoting Junk v.*

*Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010)). "'[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Junk*, 628 F.3d at 446 (noting the Eighth Circuit's continued reliance on this standard where fraudulent joinder is asserted) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003) (citation omitted).

The reasonableness standard, upon which the Eighth Circuit relies, requires "the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Knudson*, 634 F.3d at 980; *Junk*, 628 F.3d at 445 (noting that the Fed.R.Civ.P. 12(b)(6) standard is "more demanding" than the *Filla* standard applied in the fraudulent joinder context). Further, in making a prediction as to whether state law might impose liability based on the facts alleged, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," and should not "step from the threshold jurisdictional issue into a decision on the merits." *Manning v. Wal–Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004).

Under Missouri law, "[t]he MHRA permits suit to be brought against supervisory employees . . . not just against the company itself, and the failure to make [a supervisory employee] a party at the administrative action before the . . . MHRC will bar suit against [a supervisory employee] only if it resulted in prejudice." *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 662 (Mo. 2009). The Missouri Supreme Court further explained in *Hill* that

the purpose of requiring an individual to be named in the administrative charge is "to give notice to the charged party and to provide an avenue for voluntary compliance without resort to litigation. . . ." *Id*. at 669. The Missouri Supreme Court identified four factors a court should consider when determining if the failure of a plaintiff to name a defendant in the administrative charge is fatal to a later judicial claim against that defendant:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the [administrative] complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the [administrative] proceedings; 3) whether its absence from the [administrative] proceedings resulted in actual prejudice to the interests of the unnamed party; and 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id*. at 669–70 (citation omitted).

Upon consideration of these factors, the Court is satisfied that "there is arguably a reasonable basis for predicting that the state law might impose liability" on Yocks in this case. *Block*, 665 F.3d at 948 (internal quotation omitted). Furthermore, the clear precedent in this District is that this determination is a question better left for review by the state court. *See Fernandez v. GMRI, Inc.*, No. 4:11CV00244 AGF, 2011 WL 6884797, at *3 (E.D. Mo. Dec. 29, 2011); *Jameson v. Gough*, No 4:09CV2021 RWS, 2010 WL 716107, at *4 (E.D. Mo. Feb. 24, 2010); *Messmer v. Kindred Hosp. St. Louis*, No. 4:08–CV–749 CEJ, 2008 WL 4948451, at *3 (E.D. Mo. Nov. 10, 2008); *see also*

*Jones v. Valspar Corp.*, No. 4:11–cv–00379–NKL, 2011 WL 3358141, at *3 (W.D. Mo. Aug. 3, 2011).

Defendants rely on two cases from this District as contrary authority. The first, *Jackson v. Mills*, No.4:11CV419SNLJ, 2011 WL 3607920, at* 2-3(E.D. Mo. Aug. 12, 2011), is inapposite. That case addresses a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) rather than an assertion of fraudulent joinder in the context of removal. *Id*. As noted above, the *Filla* standard applicable to fraudulent joinder is more rigorous than the standard applicable to a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Knudson*, 634 F.3d at 980 (noting that fraudulent joinder does not exist where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved"). In the second case, *Borders v. Trinity Marine Products, Inc.*, No. 1:10CV00146 HEA, 2011 WL 1045560, at *1-2 (E.D. Mo. Mar. 17, 2011) the Honorable Henry E. Autrey, District Judge, applying the factors in *Hill,* concluded that three individual defendants had been fraudulently joined. In this case, however, the Court finds that application of *Filla* comports with the present weight of authority in this District and declines to apply the analysis in *Borders*.

With respect to Plaintiff's request for costs and expenses, including attorney's fees, Title 28 U.S.C. § 1447(c) provides that an order "remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Under the statute, this Court has discretion to award costs and expenses where "the removing party lack[s] an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). Moreover, the

statute "does not require a finding that the state court action was removed in bad faith as a prerequisite to an award of attorney's fees and costs." *Lytle v. Lytle*, 982 F.Supp. 671, 674 (E.D. Mo. 1997).

Although the Court does not believe removal here was appropriate, in light of the contrary authority discussed above, the Court declines to exercise its discretion to award costs and expenses, including attorney's fees, associated with the removal.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand this case to the Circuit Court of the Twenty-First Judicial Circuit of Missouri is **GRANTED**. (Doc. No. 14.)

**IT IS FURTHER ORDERED** that the Clerk of Court shall take all necessary steps to **REMAND** this case to the Circuit Court of the Twenty-First Judicial Circuit of Missouri where it was filed.

**IT IS FURTHER ORDERED** that the removing Defendants' motion to dismiss certain counts against them will be reserved for ruling by the state court. (Doc. No. 9.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of August, 2013.